IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAEVIER KELLOGG, and TALIESHA GOODWIN, <br><br> Petitioners, <br><br> vs. <br><br> ROBERT MADSEN, Director at NSP; and MICHELE WILHELM, Warden at NSP; <br><br> Respondents. | **8:22CV335** <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court for initial review of a habeas corpus petition under 28 U.S.C. § 2254 filed on behalf of Petitioner Daevier Kellogg ("Kellogg") by his mother, Taliesha Goodwin ("Goodwin"). Kellogg did not sign the petition; rather, Goodwin signed the petition as "Daevier Kellogg's Mother." Filing No. 1 at 1–2 (capitalization corrected). The petition purports to attack Kellogg's state court conviction in the District Court of Douglas County, Nebraska based on alleged violations of the Fifth, Sixth, Eighth, and Fourteenth Amendments. For the reasons that follow, the Court will dismiss the petition without prejudice.

In order to bring a habeas corpus petition on behalf of another person the party purporting to act for a convicted defendant must show, at least, the following two things: (1) the real party cannot access the courts, the real party is mentally incompetent, or the real party has some other disability, and the real party cannot therefore bring the action himself; and (2) the party purporting to act for the real party is dedicated to the best interests of the real party. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

There has been no showing that any of these factors exist. Nowhere does Goodwin allege that Kellogg is incapable of bringing a habeas action on his own behalf. Moreover, Kellogg filed a habeas petition on September 14, 2022, in Case No. 4:22CV3202, that is nearly identical to the petition in the present case. *Compare* Filing No. 1 with Filing No. 1, Case No. 4:22CV3202. Kellogg filed an amended petition in Case No. 4:22CV3202 on November 23, 2022, and that matter is still pending. Thus, Goodwin has failed to demonstrate that she is entitled to bring this habeas action on Kellogg's behalf, and the petition will be dismissed without prejudice for lack of standing.

Finally, a petitioner cannot appeal an adverse ruling on her petition for writ of habeas corpus under § 2254 unless she is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). No matter what standard is applied, Goodwin has failed to make the requisite showing. Accordingly, the Court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1.    The petition for writ of habeas corpus, Filing No. 1, is denied and dismissed without prejudice. No certificate of appealability has been or will be issued.

2.    The Court will enter judgment by separate document.

Dated this 21st day of December, 2022.

BY THE COURT:

*Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge